BAUTE & TIDUS LLP
Mark D. Baute (State Bar No. 127329)
mbaute@bautelaw.com
Jeffrey A. Tidus (State Bar No. 089585)
jtidus@bautelaw.com
Patrick M. Maloney (State Bar No. 197844)
pmaloney@bautelaw.com
801 South Figueroa Street, Suite 1100
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

Attorneys for Plaintiff
SYMANTEC CORPORATION

FILED
2007 MAR 27 PM 3:46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

VIA FAX

SYMANTEC CORPORATION,

Plaintiff,

vs.

EDIRECTSOFTWARE, a Canadian partnership; JESSE WILLMS, an individual; LINDA WILLMS, an individual; MICHAEL CALLAWAY, an individual; 1016363 ALBERTA LTD., a Canadian Corporation; 1021018 ALBERTA LTD., a Canadian Corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 07 CV 0563 BEN WMc

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT**
**(2) LANHAM ACT § 43(a)**
**(3) COPYRIGHT INFRINGEMENT**
**(4) FRAUD**
**(5) TRAFFICKING IN COUNTERFEIT LABELS, DOCUMENTATION AND/OR PACKAGING (18 U.S.C. § 2318)**
**(6) UNFAIR COMPETITION (Cal. B&P § 17200, et seq.)**
**(7) COMMON LAW UNFAIR COMPETITION**
**(8) STATE LAW FALSE ADVERTISING**
**(9) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(10) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**JURY TRIAL DEMANDED**



BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

**SUBJECT MATTER JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the claims in this action which relate to copyright, trademark and federal unfair competition laws pursuant to the provisions of 15 U.S.C. §1121, 28 U.S.C. §1338 and 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction over the claims in this complaint which arise under the statutory and common law of the State of California pursuant to 28 U.S.C. §1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b). The Plaintiff alleges on information and belief that software that is the subject of this complaint was mailed to customers in the Southern District of California. The infringing products which are the subject of this litigation were distributed and/or offered for distribution in the Southern District of California, and the claims alleged in this action arose in the Southern District of California.

**PARTIES**

4. Plaintiff Symantec Corporation ("Plaintiff" or "Symantec") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware, and qualified to do business in California. Symantec's corporate offices are in California, including corporate headquarters in the San Francisco bay area and offices in the counties of Los Angeles and San Diego, California.

5. Plaintiff is informed and believes and on that basis alleges that defendant Jesse Willms is an individual with his principal residence in Alberta, Canada, and principal business addresses in Montana, USA and in Alberta, Canada. Plaintiff is informed and believes and on that basis alleges that defendant Jesse Willms sometimes does business under the fictitious names set forth in this

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

complaint. Plaintiff may seek to amend this complaint to add additional such fictitious names when they are ascertained.

6. Plaintiff is informed and believes and on that basis alleges that defendant Linda Willms is an individual with her principal residence in Alberta, Canada, and principal business addresses in Montana, USA and in Alberta, Canada. Plaintiff is informed and believes and on that basis alleges that defendant Linda Willms sometimes does business under the fictitious names set forth in this complaint. Plaintiff may seek to amend this complaint to add additional such fictitious names when they are ascertained.

7. Plaintiff is informed and believes and on that basis alleges that defendant Michael Callaway ("Callaway") is an individual with his principal residence in Alberta, Canada, and principal business addresses in Montana, USA and in Alberta, Canada. Plaintiff is informed and believes and on that basis alleges that defendant Jesse Willms sometimes does business under the fictitious names set forth in this complaint. Plaintiff may seek to amend this complaint to add additional such fictitious names when they are ascertained.

8. Defendants Jesse Willms, Linda Willms and Callaway are sometimes referred to in this complaint as the "Individual Defendants."

9. Plaintiff is informed and believes and on that basis alleges that defendant eDirectSoftware ("eDirect") is a partnership organized under the laws of the province of Alberta, Canada.

10. Plaintiff is informed and believes and on that basis alleges that defendant 1016363 Alberta Ltd. ("1016363") is a Canadian corporation with principal business address in Alberta, Canada.

11. Plaintiff is informed and believes and on that basis alleges that defendant 1021018 Alberta Ltd. ("1021018") is a Canadian corporation with principal business address in Alberta, Canada.

12. Defendants eDirect, 1016363 and 1021018 are sometimes referred to

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

in this complaint as the "Business Entity Defendants."

13. Plaintiff is informed and believes and on that basis alleges that each of the defendants sometimes does business under the name edirectsoftware.com, and that each of the defendants participates in the operation, management and control of the internet website at www.edirectsoftware.com.

14. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants is an owner of each of the Business Entity Defendants.

15. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants is an officer of each of the Business Entity Defendants.

16. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants is a director or manager of each of the Business Entity Defendants.

17. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants manages the affairs of each of the Business Entity Defendants and as such is aware of the activities of each of the Business Entity Defendants as alleged in this Complaint.

18. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants sometimes does business under the names edirectsoftware.com and edirectsoftware, and that each of the defendants has created, operates and uses a website at the internet location www.edirectsoftware.com for the wrongful activities alleged in this complaint.

19. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants in his or her capacity as owner, officer, director, manager and/or executive of each of the Business Entity Defendants, is personally aware of, and has authorized, approved, ratified, participated in, and instigated the wrongful conduct set forth in this complaint.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

20. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants is personally aware of, and has authorized, approved, ratified, participated in, and instigated the wrongful conduct set forth in this complaint.

21. Plaintiff is unaware of the true names and capacities of the defendants sued herein under the fictitious names DOE 1 - DOE 10, inclusive. Plaintiff will seek leave to amend to state the true names and capacities of such defendants when such information is ascertained.

22. At all times material herein, each of the defendants was the agent, employee, and/or representative of each of the remaining defendants, and, in doing the things alleged herein, was acting within the scope of such agency, employment, or representation.

23. Plaintiff is informed and believes and on that basis alleges that there exists, and at all times relevant hereto there existed, a unity of interest and ownership between each of the Business Entity Defendants and each of the Individual Defendants such that any individuality and separateness of each of the Business Entity Defendants ceased or never existed, and each of the Individual Defendants is the alter ego of each of the Business Entity Defendants.

24. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants created and continues to use each of the Business Entity Defendants to shield him or her from liability for the actions complained of in this complaint.

25. Plaintiff is informed and believes and on that basis alleges that each of the Individual Defendants has and continues to: commingle and fail to segregate each of the Business Entity Defendants' funds and other assets from his or her own; treat assets nominally belonging to each of the Business Entity Defendants as his or her own; and share a unity of ownership, control and management with each of the Business Entity Defendants.

26. Plaintiff is informed and believes and on that basis alleges that each of the Business Entity Defendants has inadequate capitalization and functions as a mere shell and/or conduit for the business ventures of each of the Individual Defendants such that any activities attributed to the former are in fact activities of the latter, and that each of the Individual Defendants uses each of the Business Entity Defendants as a subterfuge designed to avoid liability for the wrongful conduct attributable to himself or herself as alleged throughout this complaint.

27. Adherence to the fiction of the existence of each of the Business Entity Defendants as an entity separate and distinct from each of the Individual Defendants would permit an abuse of the corporation and/or limited liability company privilege and would promote injustice and fraud in that it would enable each of the Individual Defendants to continue to commit the actions complained of in this complaint while shielding himself or herself from liability by use of each of the insolvent Business Entity Defendants.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

**CENTRAL ALLEGATIONS OF WRONGDOING**

28. Plaintiff manufactures and distributes software for personal computers.

29. Plaintiff has produced several different versions of its Norton SystemWorks ("NSW") products, including NSW 2003 and NSW 2003 Professional Edition and annual revisions of both versions. The most recent NSW products include Norton SystemWorks 2005, Norton SystemWorks 2005 Premier Edition, Norton SystemWorks 2006, and Norton SystemWorks 2006 Premier Edition.

30. Each NSW product consists of a suite of several popular and useful software programs, including but not limited to: Norton AntiVirus; Norton Utilities; Norton CleanSweep; Roxio's GoBack; and Norton Ghost. NSW also is distributed with the "LiveUpdate" feature as alleged elsewhere in this Complaint.

31. Plaintiff also manufactures stand-alone versions of some of the

software products bundled together in its NSW product. One popular product is Norton AntiVirus. Plaintiff has manufactured several versions of Norton AntiVirus for distribution and sale as separate products with their own disks and distinctive retail packaging, including but not limited to Norton AntiVirus 2004, Norton AntiVirus 2004 Professional Edition and Norton AntiVirus 2005.

32. Symantec also manufactures pcAnywhere, with which computer users can remotely perform certain functions on computers. Symantec has manufactured several versions of pcAnywhere, including but not limited to pcAnywhere versions 10.5, 11.0 and 11.5.

33. Symantec also manufactures Norton Internet Security, including but not limited to Norton Internet Security Family Edition and Norton Internet Security 2005.

34. Symantec also manufactures Symantec AntiVirus Small Business Edition, an anti-virus program.

35. Symantec also manufactures LiveUpdate, a computer software program available by subscription which enables users of certain Symantec software products to receive updates via downloads during the period of the subscription. LiveUpdate is included in several Norton and/or Symantec products.

36. Symantec also manufactures WinFax Pro 10.0, a program that enables computer users to send and receive faxes.

37. Symantec requires that all genuine, authorized copies of its software be accompanied with certain labeling, documentation and/or packaging. Among other things, the distinctive labeling, documentation and/or packaging provides assurances to consumers that they have purchased genuine Norton and/or Symantec software.

38. Some of Symantec's software products are distributed with serial numbers, which Symantec refers to as "product keys." The product key is necessary to "activate" a Symantec software product during or shortly after

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

installation. Generally, the software will operate for only a short period if it is installed without activation with the product key.

39. A genuine product key may be used by a purchaser of genuine Norton and/or Symantec software to obtain certain technical services, upgrades, and renewals. Without an authorized and properly registered product key, Symantec may refuse to provide such benefits to the holder of purported Norton and/or Symantec software, in part because the lack of a proper product key is strong evidence the software is counterfeit.

40. The product keys also provide assurances to consumers that they have purchased genuine Norton and/or Symantec software.

41. Plaintiff distributes some of its software products pursuant to agreements, commonly referred to as "OEM" agreements. Generally, such agreements allow customers ("licensees") who sell and/or distribute computers to distribute copies of Plaintiff's software with those computers. Plaintiff's OEM agreements contain restrictions on the use, distribution, sale and resale of Plaintiff's software by the licensee.

42. The OEM agreements require, among other things, that the licensee also require its customers in turn to comply with the terms of the OEM agreement, including the restrictions therein as to the use, distribution, sale and resale of Plaintiff's software covered by the OEM agreements.

43. Some of Plaintiff's software titles are distributed on discs pursuant to an OEM agreement. The OEM agreements require such discs to be distributed, if at all, with the computers each licensee sells to its own customers.

44. Plaintiff's OEM agreements require each disc containing software authorized for sale or distribution pursuant to an OEM agreement to be labeled as "OEM" software which can only be sold or distributed with the computer equipment sold by the licensee. Sale or distribution of OEM discs by themselves, *i.e.*, without the required computer equipment, violates the terms of Plaintiff's

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

OEM agreement. Such sale or distribution also violates the requirements set forth on the label printed on each OEM disc.

45. The defendants advertise merchandise for sale, including software represented to be produced by Plaintiff.

46. In or about 2005, Plaintiff became aware that the defendants were marketing and selling products using Plaintiff's trademarks, representing that such products were produced by Plaintiff, when in fact the defendants were marketing and selling products neither manufactured by nor authorized by Symantec, representing them as software manufactured by Symantec.

47. During 2005 Plaintiff began receiving information that the defendants were marketing, distributing and selling software, bearing the Norton and Symantec trademarks and logos, but which was neither produced by Plaintiff nor authorized by Plaintiff to be produced or sold. Plaintiff alleges on information and belief that customers who purchased such software believed it to be produced by Plaintiff, and were confused and misled by the defendants' marketing, labeling, and sale of software using Plaintiff's trademarks.

48. In or about August 2005, Plaintiff, through its agents, purchased a copy of Symantec's WinFax Pro 10.0 from the defendants' website at edirectsoftware.com.

49. The defendants sent a disc marked with the Symantec name and logo and the name "WinFax Pro 10.0," designed to look like a genuine Symantec product.

50. The product was shipped as a bare disc in a sleeve, without any retail box, instruction manual or other packaging materials.

51. The return address on the shipping envelope was "c/o edirectsoftware, PO Box 320482, San Francisco, CA 94132-0482."

52. Symantec inspected the disc and determined that it was counterfeit, and was neither produced by Symantec nor authorized by Symantec to be

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

produced by any other person or entity.

53. In or about August 2005, Plaintiff, through its agents, purchased a copy of Symantec's pcAnywhere 11.5 from the defendants' website at edirectsoftware.com.

54. The defendants sent a disc marked with the Symantec name and logo and the name "pcAnywhere 11.5," designed to look like a genuine Symantec product.

55. The product was shipped as a bare disc in a sleeve, without any retail box, instruction manual or other packaging materials.

56. The return address on the shipping envelope was "c/o edirectsoftware, PO Box 320482, San Francisco, CA 94132-0482."

57. Symantec inspected the disc and determined that it was counterfeit, and was neither produced by Symantec nor authorized by Symantec to be produced by any other person or entity.

58. Several consumers submitted discs to Symantec that they had purchased from defendants. Plaintiff is informed and believes and on that basis alleges that those customers purchased those discs during the period September 2004 through February 2006.

59. Those discs also proved to be counterfeit. The counterfeit discs include purported NSW 2005 Premier, Norton Internet Security 2005, Norton AntiVirus 2004, Norton AntiVirus 2005, and Norton Ghost 10.0.

60. Plaintiff is informed and believes and on that basis alleges that the discs were delivered in white sleeves without any retail packaging, without any instruction manuals, and without any of the materials that would come with a genuine Symantec product.

61. Symantec inspected the discs and packaging materials and determined that they were counterfeit, and were neither produced by Symantec nor authorized by Symantec to be produced by any other person or entity.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

62. On or about April 20, 2006, the Plaintiff notified the defendants that Plaintiff believed defendants were selling counterfeit Norton and/or Symantec software products, and demanding that they immediately cease and desist from such wrongful and infringing conduct.

63. Defendants responded and initially promised to cooperate with the Plaintiff. Defendants disclosed some information concerning their source of supply of the purported Norton and Symantec products, and promised to submit their inventory of purported Norton and Symantec products to Plaintiff for inspection and evaluation.

64. Defendants did submit some purported Norton and Symantec products for inspection and evaluation by the Plaintiff.

65. Plaintiff determined that the discs Defendants provided for inspection were either outright counterfeits or discs that were offered for sale in violation of Symantec's OEM agreements, as described previously in this Complaint.

66. Defendants failed to provide all of their inventory to the Plaintiff for inspection and analysis. Plaintiff is informed and believes and on that basis alleges that the reason defendants failed to provide all their inventory is that defendants were aware that the discs they withheld were counterfeit and/or unauthorized copies of Plaintiff's software products.

67. Despite the Plaintiff's notice, defendants have failed and refused to cease their infringing activities. Instead, defendants have chosen to willfully ignore the Plaintiff's rights, and to wrongfully profit by willfully and intentionally continuing to market and sell counterfeit products using the Plaintiff's name, service marks and intellectual property owned by Plaintiff.

68. Plaintiff is informed and believes and on that basis alleges that defendants sell unauthorized copies of Plaintiff's software with counterfeit product key codes. The unauthorized copies of Plaintiff's software do not legitimately entitle purchasers to install or use the software, or to obtain technical support,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

upgrades or renewals. Plaintiff is informed and believes and on that basis alleges that such consumers are less likely to purchase genuine Norton and/or Symantec products in the future.

69. Defendants sell illegal counterfeit copies of Plaintiff's software. Defendants falsely represent to potential buyers that the software defendants sell is manufactured by Plaintiff. The software that defendants deliver to purchasers bears the Symantec name and trademarks, but is neither produced by Plaintiff Symantec nor produced under Plaintiff Symantec's authorization or any Symantec license.

70. Plaintiff is informed and believes, and on that basis alleges, that defendants marketed, sold and delivered counterfeit Norton and/or Symantec software with which the purchasers or recipients of such software themselves produced infringing copies of Plaintiff's copyrighted works by installing the counterfeit programs on their computers. As part of that installation process, each of those purchasers produces unauthorized copies of Plaintiff's copyrighted works with each such installation.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

## FIRST CLAIM FOR RELIEF

**[Trademark Infringement**

**Lanham Act, 15 U.S.C. § 1051 - 1157]**

**(Against All Defendants)**

71. Paragraphs 1 through 70 are incorporated by this reference as though set forth herein in full.

72. Plaintiff registered the name "Symantec" in the United States Patent and Trademark Office on April 21, 1992, registration number 1683688. Plaintiff owns the trademark, which continues to be in full force and effect.

73. Plaintiff registered the name "Norton SystemWorks" in the United States Patent and Trademark Office on September 11, 2001, registration number 2488092. Plaintiff owns the trademark, which continues to be in full force and

effect.

74. Plaintiff registered the name "Norton AntiVirus" in the United States Patent and Trademark Office on March 16, 1993, registration number 1758084. Plaintiff owns the trademark, which continues to be in full force and effect.

75. The name "Ghost" was registered in the United States Patent and Trademark Office on November 28, 1978, registration number 1107115. Plaintiff owns the trademark, which continues to be in full force and effect.

76. Plaintiff registered the name "LiveUpdate" in the United States Patent and Trademark Office on May 4, 1999, registration number 2243057. Plaintiff owns the trademark, which continues to be in full force and effect.

77. The name "Norton Utilities" was registered in the United States Patent and Trademark Office on October 18, 1988, registration number 1508960. Plaintiff owns the trademark, which continues to be in full force and effect.

78. The name "pcAnywhere" was registered in the United States Patent and Trademark Office on July 13, 1993, registration number 1781148. Plaintiff owns the trademark, which continues to be in full force and effect.

79. The name "Cleansweep" was registered in the United States Patent and Trademark Office on November 21, 1995, registration number 1936913. Plaintiff owns the trademark, which continues to be in full force and effect.

80. From and after the date of registration of each of its trademarks, Plaintiff has used the trademarks continuously to identify its products. Plaintiff markets, distributes and sells software under those trademarks in California, throughout the United States, and in foreign countries.

81. Plaintiff is informed and believes and on that basis alleges that at all times relevant to the matters alleged in this complaint, the defendants knew that the names "Symantec," "SystemWorks," "Norton AntiVirus," "Ghost," "pcAnywhere," and other trademarks were registered trademarks, owned by Plaintiff. Plaintiff is informed and believes and on that basis alleges that, despite

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

that knowledge, defendants intentionally continued to infringe Plaintiff's trademarks by advertising, marketing, selling and delivering software bearing Plaintiff Symantec's names and trademarks, designed to look like Plaintiff Symantec's software.

82. Defendants, in violation of 15 U.S.C. § 1114, use in commerce reproductions, counterfeits, copies, or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of software designed to look like Plaintiff's software but which is neither genuine Symantec software nor authorized by Symantec for distribution or sale. Such unauthorized counterfeit copies are likely to cause confusion, or to cause mistake, or to deceive, and have caused actual confusion, mistake and/or deception among consumers who purchase defendants' products mistakenly believing they are genuine, authorized versions of Plaintiff's products.

83. Plaintiff is informed and believes and on that basis alleges that defendants, in violation of 15 U.S.C. § 1114, reproduce, counterfeit, copy, or colorably imitate Plaintiff's registered marks and apply such reproduction, counterfeit, copy, or colorable imitation to labels, CDs, packages, and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of software designed to look like Plaintiff's software but which is neither genuine Symantec software nor authorized by Symantec for distribution or sale. Such unauthorized counterfeit copies are likely to cause confusion, or to cause mistake or to deceive, and have caused actual confusion, mistake and/or deception among consumers who purchase defendants' products mistakenly believing they are genuine, authorized versions of Plaintiff's products.

84. Plaintiff is informed and believes and on that basis alleges that defendants use Plaintiff's trademarks in interstate commerce by: (1) advertising defendants' products bearing the Plaintiff's trademarks on the internet; and

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

(2) shipping counterfeit copies of Plaintiff's software in interstate commerce. Defendants' use of Plaintiff's trademarks on defendants' products has misled and confused consumers as to the source and quality of defendants' products.

85. Plaintiff is informed and believes and on that basis alleges that as a proximate result of the defendants' use of Plaintiff's trademarks, defendants have taken unfair advantage of Plaintiff's research, development, advertising, marketing, and consumer recognition of the Symantec name and logo, the Norton name, Norton SystemWorks, pcAnywhere, Norton AntiVirus, LiveUpdate, Ghost, Norton Internet Security and other trademarks. Plaintiff is informed and believes and on that basis alleges that defendants have sold substantial amounts of software using Plaintiff's trademarks, and have thereby enjoyed substantial profits, which Plaintiff believes are in excess of $8,000,000.

86. Plaintiff is informed and believes and on that basis alleges that unless restrained by this Court, defendants will continue to infringe Plaintiff's trademarks, thereby creating numerous claims against defendants and multiple proceedings, and that monetary compensation cannot provide Plaintiff with adequate relief for the damage caused by defendants to Plaintiff's trademarks, consumer recognition, and public confidence in Plaintiff's products.

87. Defendants' actions, if not restrained, will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law. Defendants misrepresent their own products as those manufactured by Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that consumers who purchase defendants' products, believing they have purchased Plaintiff's software, will not purchase the genuine software from Plaintiff. Plaintiff has permanently lost such consumers as customers, and has permanently lost the profits Plaintiff is entitled to under its trademarks.

88. Plaintiff is informed and believes, and on that basis alleges, that if defendants' products do not work properly, defendants' actions have further

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

caused irreparable harm to Plaintiff's name and reputation, because defendants market and sell their products bearing false reproductions of Plaintiff's trademarks.

**SECOND CLAIM FOR RELIEF**

**[False Designation of Origin — Lanham Act § 43(a)]**

**(Against All Defendants)**

89. Paragraphs 1 through 88 are incorporated by this reference as though set forth herein in full.

90. Plaintiff has marketed, advertised and promoted its software under the names and logos "Symantec," "Norton SystemWorks," "Norton AntiVirus," "pcAnywhere," "Ghost," "LiveUpdate," "Norton CleanSweep," "Norton Internet Security," "Symantec AntiVirus Small Business Edition," and other names and logos. As a result of this marketing, advertising and promotion, Plaintiff's names and logos have come to mean and are understood to mean Plaintiff's products, and are the means by which Plaintiff's products are distinguished from other software in the United States and worldwide.

91. Because of Plaintiff's long, continuous and exclusive use of the names and logos as described in this complaint, Plaintiff's names and logos have acquired secondary meaning and are associated by both the software industry and the public with Plaintiff's products.

92. Defendants' activities in advertising and/or promoting their software bearing Plaintiff's names, logos, trademarks and counterfeit serial numbers or product keys constitute false designation of origin, false description, and a false representation that defendants' software originates from or is sponsored, approved or authorized by Plaintiff. Thus, defendants' activities constitute violations of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

93. Plaintiff is informed and believes and on that basis alleges that defendants have sold numerous counterfeit copies of Plaintiff's software, and have

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

thereby enjoyed substantial profits, which Plaintiff believes are in excess of $8,000,000.

94. As a result of the foregoing, Plaintiff has been damaged in an amount which has not been precisely ascertained, but which will be alleged by amendment at such time when it is precisely ascertained.

95. The activities of defendants have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law in that (1) if defendants' wrongful conduct continues, consumers are likely to become further confused as to the ownership and/or affiliations of defendants' products; (2) the infringement by defendants constitutes an interference with Plaintiff's goodwill and customer relationships; and (3) defendants' wrongful conduct, and the damages resulting to Plaintiff, are continuing. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

96. Defendants have committed the acts alleged above with previous knowledge of Plaintiff's prior use and superior rights to its names and logos, and with previous knowledge of the reputation of Plaintiff's products.

97. Further, defendants' actions were for the willful and calculated purpose of attracting customers to their products based upon the good will of Plaintiff's name and business reputation, so as to mislead and deceive purchasers and the public. Defendants' actions have caused and/or are likely to cause confusion and mistake among purchasers and the public as to the ownership or association of their products, all to defendants' gain and Plaintiff's damage.

98. Plaintiff is also entitled to recovery of attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

**<u>THIRD CLAIM FOR RELIEF</u>**

**[Copyright Infringement**

**17 U.S.C. § 501]**

**(Against All Defendants)**

99. Paragraphs 1 through 98 are incorporated by this reference as though set forth herein in full.

100. Plaintiff designed, created, developed and owns or licenses software, including each of the software programs included in the various versions of NSW, which constitute the original work of Plaintiff.

101. Plaintiff designed, created, developed and owns or licenses the software contained in pcAnywhere, which constitutes the original work of Plaintiff.

102. Plaintiff designed, created, developed and owns or licenses the software contained in Norton Internet Security, which constitutes the original work of Plaintiff.

103. Plaintiff designed, created, developed and owns or licenses the software contained in Symantec AntiVirus Small Business Edition, which constitutes the original work of Plaintiff.

104. Plaintiff complied with all laws governing copyright and secured the exclusive rights and privileges in and to the copyrights of Norton AntiVirus, Norton Utilities, Norton CleanSweep, Norton Ghost, pcAnywhere, Norton Internet Security, and other software.

105. Plaintiff has produced copies of the software in compliance with all copyright laws, whether by producing copies itself or under license to third parties.

106. Defendants infringed Plaintiff's copyrights by marketing, selling and delivering software largely, if not entirely, copied from Plaintiff's software.

107. Plaintiff informed defendants that Plaintiff owned both the trademark

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

and the copyright for the software defendants have infringed.

108. Plaintiff informed defendants that defendants were infringing Plaintiff's trademarks and copyrights.

109. Despite that warning, defendants, and each of them, continue to advertise, market, sell and deliver counterfeit copies of Plaintiff's software, knowing that the discs they deliver are counterfeits and infringing on Plaintiff's copyrights. These actions have caused and continue to cause irreparable injury to Plaintiff by inducing Plaintiff's prospective customers to purchase software from defendants instead of from Plaintiff, and by misleading consumers as to the source of the software.

110. At least from and after early 2004, defendants have been producing, marketing, selling and delivering counterfeit copies of Plaintiff's software, in violation and derogation of Plaintiff's copyrights on such software, thereby engaging in unfair trade practices and unfair competition against Plaintiff, causing irreparable damage to Plaintiff.

111. Plaintiff is informed and believes and on that basis alleges that as a proximate result of the defendants' marketing, selling and delivering counterfeit copies of Plaintiff's software, defendants have taken unfair advantage of Plaintiff's research, development, advertising, marketing, and consumer recognition of the copyrighted content of the software sold by Plaintiff. Plaintiff is informed and believes and on that basis alleges that defendants have sold numerous counterfeit copies of Plaintiff's software, and have thereby enjoyed substantial profits, which Plaintiff believes are in excess of $8,000,000.

112. Defendants' actions, if not restrained, will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law. Defendants misrepresent their own products as those manufactured by Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that consumers who purchase defendants' products, believing they have purchased Plaintiff's software,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

will not purchase the genuine software from Plaintiff. Plaintiff has permanently lost such consumers as customers, and has permanently lost the profits Plaintiff is entitled to under its copyrights.

## FOURTH CLAIM FOR RELIEF

**[Fraud]**

**(Against all Defendants)**

113. Paragraphs 1 through 112 are incorporated by this reference as though set forth herein in full.

114. Plaintiff is informed and believes and on that basis alleges that defendants, in their marketing and advertising and on their internet web sites, have deliberately misrepresented to consumers that the products sold are Symantec and/or Norton products, knowing that they are not.

115. Plaintiff is informed and believes and on that basis alleges that defendants intend that consumers will communicate those misrepresentations to Plaintiff in order to obtain customer service and updates or upgrades on terms and conditions that are available only to owners of genuine, authorized Symantec and/or Norton software products.

116. Plaintiff is informed and believes and on that basis alleges that defendants make those misrepresentations intending that Plaintiff will act in reasonable reliance thereon, including but not limited to by providing customer service and updates or upgrades to purchasers of defendants' products on terms and conditions that are available only to owners of genuine, authorized Symantec and/or Norton software products.

117. Plaintiff has justifiably relied on the misrepresentations of defendants in that, on information and belief, Plaintiff has provided customer service and updates or upgrades to some purchasers of defendants' products as if those consumers had purchased genuine Symantec and/or Norton software products.

118. Plaintiff has suffered damages as a proximate result of the

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

defendants' wrongful acts in an amount as yet undetermined, but in an amount that will be proven at trial.

119. Defendants' conduct was and continues to be oppressive, fraudulent and malicious. Accordingly, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**

**[Civil Action for Trafficking in Counterfeit Labels, Documentation and/or Packaging in Violation of 18 U.S.C. § 2318]**

**(Against All Defendants)**

120. Paragraphs 1 through 119 are incorporated by this reference as though set forth herein in full.

121. Plaintiff is informed and believes and on that basis alleges that defendants knowingly and without Plaintiff's authorization distribute and/or intend for distribution labels, packaging, and/or documentation, including but not limited to counterfeit serial numbers or product keys, without the genuine, authorized copies of Plaintiff's software that Plaintiff intended such labels, packaging and/or documentation to accompany.

122. Plaintiff is informed and believes and on that basis alleges that defendants have in their custody and/or control substantial quantities of software that defendants intend to distribute as Symantec and/or Norton software, in violation of 18 U.S.C. § 2318(a).

123. Defendants' actions, if not restrained, will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

124. Plaintiff has suffered damages as a proximate result of the defendants' wrongful acts in an amount as yet undetermined, but in an amount that will be proven at trial.

125. Defendants' conduct was and continues to be oppressive, fraudulent and malicious. Accordingly, Plaintiff is entitled to punitive damages in an amount

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

to be proven at trial.

126. Plaintiff is also entitled to recovery of attorneys' fees and costs of suit pursuant to 18 U.S.C. § 2318(f).

**SIXTH CLAIM FOR RELIEF**

**[Unfair Competition**

**Calif. B&P Code § 17200, et seq.]**

**(Against all Defendants)**

127. Paragraphs 1 through 126 are incorporated by this reference as though set forth herein in full.

128. The wrongful acts by defendants, as alleged throughout this complaint, constitute unlawful, unfair or fraudulent business acts and/or practices and unfair, deceptive, untrue or misleading statements and advertising in violation of California Business and Professions Code ("B&P") § 17200.

129. As a result of irreparable injuries to Plaintiff caused by defendants' actions for which Plaintiff has no adequate remedy at law, defendants' acts constituting unfair competition should be enjoined, and the Court should make such orders or judgments as may be necessary to prevent the use of any practice which constitutes unfair competition under B&P § 17203.

130. Under B&P § 17203, and in addition to, or in lieu of, the damages Plaintiff has sustained to its business and reputation as a result of defendants' actions, Plaintiff seeks as damages restitution and/or disgorgement of the profits that defendants have made by virtue of their acts of unfair competition, in an amount as yet undetermined but as shall be proven at trial.

**SEVENTH CLAIM FOR RELIEF**

**[Common Law Unfair Competition]**

**(Against all Defendants)**

131. Paragraphs 1 through 130 are incorporated by this reference as though set forth herein in full.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

132. Defendants have pirated the fruits of Plaintiff's labor and are "palming off" those fruits as their own.

133. Due to defendants' acts of unfair competition, trade dress infringement, and deception, buyers of counterfeit software sold by defendants under the Norton and/or Symantec label have been deceived as to the source, approval and/or sponsorship of defendants' software, believing they are purchasing software manufactured by Plaintiff when in fact they are not.

134. As a result of defendants' acts of unfair competition, Plaintiff has lost sales and profits in an amount as yet undetermined but in an amount that will be proven at trial.

135. Defendants' conduct was and continues to be oppressive, fraudulent and malicious. Accordingly, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**

**[False Advertising**

**Calif. B&P Code §§ 17500, 17200]**

**(Against all Defendants)**

136. Paragraphs 1 through 135 are incorporated by this reference as though set forth herein in full.

137. Plaintiff is informed and believes, and on that basis alleges, that defendants included descriptions of Plaintiff's software, pictures of Plaintiff's software and depictions of Plaintiff's trademarks and logos in their advertising materials.

138. Plaintiff is informed and believes, and on that basis alleges, that defendants also used language and phrases copied from Plaintiff's advertising literature in their advertising materials, which were disseminated to the public.

139. The descriptions, pictures, depictions, language and phrases constitute untrue or misleading statements and advertising in violation of B&P

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

§ 17500 in that they suggest the software for sale in the defendants' advertising is software manufactured by Plaintiff, when, in truth, what is being sold is defendants' inferior products.

140. The false and misleading statements and advertising also constitute practices that serve as a predicate for a B&P § 17200 violation, and Plaintiff separately alleges a violation of B&P § 17200.

141. As a result of defendants' actions, Plaintiff has been damaged in an amount as yet undetermined, but in an amount that will be proven at trial.

142. Defendants' conduct was and continues to be oppressive, fraudulent and malicious. Accordingly, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF

**[Intentional Interference with Prospective Economic Advantage]**

**(Against all Defendants)**

143. Paragraphs 1 through 142 are incorporated by this reference as though set forth herein in full.

144. This count arises under the unfair competition laws of the State of California.

145. Plaintiff has over the years developed a large base of customers and institutions who purchase Plaintiff's products. Plaintiff has also developed a substantial and valuable economic relationship with its products, namely software products including but not limited to Norton AntiVirus, pcAnywhere, Norton Internet Security, and Symantec AntiVirus Small Business Edition.

146. Defendants contacted Plaintiff's actual and prospective customers with the intent to deprive Plaintiff of those customers' business. Those customers then purchased products from defendants rather than from Plaintiff. Defendants also interfered with Plaintiff's relationship with its products by marketing and distributing inferior and confusing counterfeit and/or knock-off versions.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

147. As a proximate result of defendants' conduct, Plaintiff suffered damages in a sum in excess of $8,000,000.

148. The acts of defendants were willful and malicious. Plaintiff is therefore entitled to punitive damages in an amount not less than $10,000,000. Unless restrained, defendants will continue to solicit Plaintiff's customers and money damages could not afford adequate relief.

## TENTH CLAIM FOR RELIEF

**[Negligent Interference with Prospective Economic Advantage]**

**(Against all Defendants)**

149. Paragraphs 1 through 148 are incorporated by this reference as though set forth herein in full.

150. This count arises under the unfair competition laws of the State of California.

151. Plaintiff has over the years developed a large base of customers and institutions who purchase Plaintiff's products. Plaintiff has also developed a substantial and valuable economic relationship with its products, namely software products including but not limited to Norton AntiVirus, pcAnywhere, Norton Internet Security, and Symantec AntiVirus Small Business Edition.

152. Defendants have a duty to use due care to refrain from wrongful actions that would interfere with Plaintiff's prospective economically advantageous relationships with Plaintiff's existing customers, potential customers, and products.

153. Defendants breached their duties by soliciting Plaintiff's existing and/or potential customers for the purpose of selling to them products bearing Plaintiff's trademarks but which defendant knew or should have known were counterfeit. Those customers then purchased counterfeit products from defendants rather than genuine Symantec products from Plaintiff. Defendants also interfered with Plaintiff's relationship with its products by marketing confusing knock-off

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

versions when defendants should have known those versions were counterfeit.

154. As a proximate result of defendants' conduct, Plaintiff suffered damages in a sum in excess of $8,000,000.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

I. On the First Claim for Relief for Trademark Infringement (Lanham Act, 15 U.S.C. § 1051 - 1157):

A. That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;
2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;
3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;
4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and
5. selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products,

BAUTE & TIDUS LLP
801 South Figueroa Street, Suite 1100
Los Angeles, California 90017
(213) 630-5000

(2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

E. That defendants pay to Plaintiff punitive and/or treble damages for their intentional and willful wrongful acts.

F. That, upon election by Plaintiff, Defendants be required to pay the maximum allowable amount of statutory damages for their willful infringement of Plaintiff's trademarks.

G. That Plaintiff recover its costs and reasonable attorneys' fees.

H. That Plaintiff recover prejudgment interest under 15 USC § 1117(b) commencing on the date of service of this Complaint.

I. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

II. On the Second Claim for Relief for False Designation of Origin — Lanham Act § 43(a):

A. That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;
2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;
3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;
4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and
5. selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D. That defendants be required to account for and pay over to Plaintiff

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

E. That defendants pay to Plaintiff punitive and/or treble damages for their intentional and willful wrongful acts.

F. That Plaintiff recover its costs and reasonable attorneys' fees.

G. That Plaintiff recover prejudgment interest under 15 USC § 1117(b) commencing on the date of service of this Complaint.

H. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

III. On the Third Claim for Relief for Copyright Infringement:

A. That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5. selling, licensing, or otherwise marketing or distributing

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

E. That, upon election by Plaintiff, defendants be required to pay the maximum allowable amount of statutory damages for their willful infringement of Plaintiff's copyrights.

F. That Plaintiff recover its costs and reasonable attorneys' fees.

G. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

IV. On the Fourth Claim for Relief for Fraud:

A. That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;
2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;
3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;
4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and
5. selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

and to pay such damages to Plaintiff as to this Court shall appear just and proper.

E. That defendants pay to Plaintiff punitive damages for their intentional and willful wrongful acts.

F. That Plaintiff recover its costs and reasonable attorneys' fees.

G. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

V. On the Fifth Claim for Relief for Trafficking in Counterfeit Labels, Documentation and/or Packaging in Violation of 18 U.S.C. § 2318:

A. That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5. selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That Defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D. That defendants be required to turn over to the Court all copies of software bearing or containing the Norton or Symantec name, label(s), trademark(s), logo(s), documentation, and/or authorization codes purporting to indicate genuine and/or authorized Norton and/or Symantec products.

E. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities.

F. That Defendants be required to pay over to Plaintiff the Plaintiff's actual damages as provided in 18 U.S.C. § 2318(f)(3).

G. That defendants pay to Plaintiff punitive damages for their intentional and willful wrongful acts.

H. That Plaintiff recover its costs and reasonable attorneys' fees.

I. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

VI. On the Sixth Claim for Relief for Unfair Competition (Calif. B&P Code § 17200, *et seq.*):

A. That defendants, their officers, agents, and servants, and all persons

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;
2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;
3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;
4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and
5. selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants be required to account for and pay over to Plaintiff

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

D. That Plaintiff recover its costs and reasonable attorneys' fees.

E. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

VII. On the Seventh Claim for Relief for Common Law Unfair Competition:

A. That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5. selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

(2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

E. That defendants pay to Plaintiff punitive damages for their intentional and willful wrongful acts.

F. That Plaintiff recover its costs and reasonable attorneys' fees.

G. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

VIII. On the Eighth Claim for Relief for False Advertising (Calif. B&P Code §§ 17500, 17200):

A. That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

or any product configuration similar to Plaintiff's products;

3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5. selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

D. That Plaintiff recover its costs and reasonable attorneys' fees.

E. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

IX. On the Ninth Claim for Relief for Intentional Interference with Prospective

Economic Advantage:

A. That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

B. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

C. That defendants pay to Plaintiff punitive damages for their intentional and willful wrongful acts.

D. That Plaintiff recover its costs and reasonable attorneys' fees.

E. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

X. On the Tenth Claim for Relief for Negligent Interference with Prospective Economic Advantage:

A. That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

B. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

C. That Plaintiff recover its costs and reasonable attorneys' fees.

D. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury in this action.

Dated: March 27, 2007

BAUTE & TIDUS LLP

By: [signature] FOR

Mark D. Baute
Attorneys for Plaintiff
SYMANTEC CORPORATION

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

**VIA FAX**

AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION | [ ] APPEAL | COURT NAME AND LOCATION<br>U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA<br>940 Front Street, #4290<br>San Diego, CA 92101 |
|---|---|---|
| DOCKET NO. | DATE FILED | |
| PLAINTIFF<br>SYMANTEC CORPORATION | | DEFENDANT<br>EDIRECTSOFTWARE, a Canadian partnership;<br>[continued on Attachment A] |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT B | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment [ ] Answer [ ] Cross Bill [ ] Other Pleading | |
|---|---|---|
| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED | WRITTEN OPINION ATTACHED | DATE RENDERED |
|---|---|---|
| [ ] Order [ ] Judgment | [ ] Yes [ ] No | |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights

**SYMANTEC CORPORATION v. EDIRECTSOFTWARE., et al.**
U.S.D.C. Case No. [to be assigned]

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

**ATTACHMENT A TO**
**REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT**

***Defendants (continued)* . . .**

. . .JESSE WILLMS, an individual; LINDA WILLMS, an individual; MICHAEL CALLAWAY, an individual; 1016363 ALBERTA LTD., a Canadian Corporation; 1021018 ALBERTA LTD., a Canadian Corporation; and DOES 1-10, inclusive.

**SYMANTEC CORPORATION v. EDIRECTSOFTWARE, et al.**
U.S.D.C. Case No. [to be assigned]

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

## ATTACHMENT B TO REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus, Various Versions | SYMANTEC CORPORATION |
| TX-4-715-123<br>TX 4-715-124<br>TX 4-715-125<br>TX 4-715-127<br>TX 6-358-626<br>TX 6-361-698<br>FX 6-361-699 | Norton Ghost, Various Versions | SYMANTEC CORPORATION |
| TX-1-987-393<br>TX-2-288-795<br>TX-3-772-059<br>TX-3-772-061<br>TX-4-024-772<br>TX-4-024-773<br>TX-4-024-802<br>TX-4-396-091<br>TX-4-421-276 | Norton Utilities, Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954<br>TX-6-358-627 | pcAnywhere | SYMANTEC CORPORATION |

VIA FAX

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
SYMANTEC CORPORATION

**DEFENDANTS**
EDIRECTSOFTWARE, a Canadian partnership; [continued on Attachment 1]

FILED
2007 MAR 27 PM 3:46
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
BAUTE & TIDUS LLP
801 South Figueroa Street
Suite 1100
Los Angeles, CA 90017
(213) 630-5000

ATTORNEYS (IF KNOWN)

'07 CV 0563 BEN WMc

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark infringement 15 U.S.C. Secs. 1051-1157; copyright infringement, 17 U.S.C. Sec. 501; trafficking in counterfeit labels, etc., 18 U.S.C. Sec. 2318; fraud; unfair competition.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [X] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ______ Docket Number ______

DATE
March 27, 2007

SIGNATURE OF ATTORNEY OF RECORD
[signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

1 30506 #350 sel 3/27/07

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 138650 - KD
March 27, 2007

| Code | Case # | Qty | Amount |
|---|---|---|---|
| [illegible] | CV 07-0563 | | [illegible] CK |
| Judge | - DMS | | |
| 086900 | | | 100.00 CK |
| 510000 | | | [illegible] |

Total-> [illegible]

FROM: CIVIL FILING
[illegible]
[illegible]
[illegible]